IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br>Plaintiff<br><br>vs.<br><br>**GEORGE WASHINGTON**<br>**PENSON III**,<br>Defendant. | 2:03-cr-197<br>2:05-cv-720<br>Electronic Filing |

## MEMORANDUM

Movant George W. Penson III ("Penson" or "petitioner") commenced this action by filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C § 2255. On July 22, 2003, Penson was indicted on one count of bank robbery in violation of 18 U.S.C. § 2113(a). At that time Penson was detained in the Northern District of Ohio on one count of bank robbery and two counts of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) & (d). On August, 15, 2003, Penson was transferred to this district pursuant to a writ of habeas corpus ad prosequendum. He moved, among other things, to suppress certain evidence and to challenge the validity of his arrest. A hearing on his pretrial motions was scheduled for April 26, 2004. At the request of counsel a status conference was held before the suppression hearing. At that juncture the parties advised that a plea agreement had been reached. On May 19, 2004, petitioner plead guilty to the bank robbery pursuant to an agreement calling for his sentence to run concurrently with the 365 month sentence imposed by Judge Nugent in the Northern District of Ohio. On May 21, 2004, this court sentenced defendant to 188 months to run concurrently with the sentence imposed by Judge Nugent.

Petitioner filed the instant motion on May 24, 2005. The Government filed a response in opposition on July 27, 2005. For the following reasons set forth below, petitioner's motion will be denied.

Petitioner was arrested on April 11, 2003 by F.B.I. Agent Gerald Lee Hopper in connection with several bank robberies, including one involving the First National Bank of Pennsylvania. No arrest warrant was presented to petitioner during his actual arrest and petitioner made incriminating statements about his involvement in the bank robberies in Ohio and Pennsylvania. Following his arrest, the court appointed Federal Public Defender Michael Novara to represent petitioner. During the change of plea colloquy petitioner admitted that he did take from the person and presence of another, by force, violence, and intimidation, money, namely $13,875.25, belonging to and in the care, custody, and control of the First National Bank of Pennsylvania. Petitioner was subsequently sentenced as indicated above and elected not to appeal his conviction or sentence after his attorney advised him there were no grounds for appeal.

Petitioner now seeks relief pursuant to 28 U.S.C. § 2255, setting fourth numerous grounds for relief and requesting an evidentiary hearing. He challenges the validity of the court's jurisdiction, and claims his constitutional rights were violated because he was denied effective assistance of counsel. The court purportedly lacked jurisdiction because no warrant was offered in the course of the arrest, and trial counsel was ineffective for failing to 1) litigate the validity of the arrest warrant and the evidence acquired thereafter before advising Penson to take the plea bargain and 2) advising Penson that he had no claims for appeal.

A § 2255 motion may be disposed of summarily where the motion fails to set forth a basis upon which relief can be granted or where the factual allegations advanced in support of the motion are vague, conclusory or patently frivolous. See Rule No. 4 of the Rules Governing § 2255 Proceedings; Blackledge v. Allison, 431 U.S. 63 (1977); Page v. United States, 462 F.2d 932, 933 (3d Cir. 1972) (where the record affirmatively indicates that claim for relief is without merit, it may be decided summarily without a hearing). In Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985), the United States Court of Appeals for the Third Circuit stated:

> A Section 2255 motion is addressed to the discretion of the trial judge in the first instance and where the record affirmatively indicates the claim for relief is

> without merit, the refusal to hold a hearing will not be deemed an abuse of discretion.

Id. Other courts have reached the same conclusion. See Baumann v. United States, 692 F.2d 565, 572 (9th Cir. 1982) (proper for district court to dismiss portion of § 2255 petition without evidentiary hearing where allegations conclusively failed to state a claim for relief); United States v. Oliver, 865 F.2d 600, 604 (4th Cir.), cert. denied, 493 U.S. 830 (1989) (district court may dismiss § 2255 petition pursuant to Rule 4(b) where record conclusively demonstrates that movant is not entitled to relief as a matter of law); Mathews v. United States, 11 F.3d 583, 584-86 (6th Cir. 1993) (where § 2255 petition raises no factual disputes and bases for relief are without merit, district court need not hold an evidentiary hearing and may dismiss the motion summarily).

Petitioner's claim that the court lacked personal jurisdiction over him is meritless. A Grand Jury returned an indictment, and a warrant for petitioner's arrest subsequently was issued by Magistrate Judge Robert Mitchell. See Order of July 30, 2003 (Doc. No. 3). Additionally, a writ of habeas corpus ad prosequendum was issued and petitioner was transported into this district following his jury conviction in the Northern District of Ohio. Thus, petitioner was brought before this court in accordance with the dictates of due process and jurisdiction was proper.

A two-part test is utilized to assess an ineffective counsel claim. See Strickland v. Washington, 466 U.S. 668 (1984). The first prong requires the petitioner to demonstrate that counsel's performance was deficient. This requirement is met where "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Flamer v. State of Delaware, 68 F.3d 710, 728 (3d Cir. 1995) (quoting Strickland, 466 U.S. at 687)). This prong requires proof that counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms which existed at the time. Id. The assessment begins with a "strong presumption that counsel's conduct falls within the wide

range of reasonable professional assistance" and the court's scrutiny of counsel's performance is to be highly deferential. Id. (citing Strickland, 466 U.S. at 689); see also Government of Virgin Islands v. Weatherwax, 77 F.3d 1425, 1431 (3d Cir. 1996). The assessment of counsel's performance must be made in light of all the circumstances and the ultimate objective of assuring vigorous advocacy of the petitioner's defense. Id. It also must be made without the "distorting effects of hindsight" and the petitioner has the burden of overcoming the strong presumption that counsel was effective. United States v. Kissick, 69 F.3d 1048, 1054 (10th Cir. 1995).

The second prong of the Strickland analysis requires a showing that counsel's ineffectiveness was prejudicial. Flamer, 68 F.3d at 728. This prong requires a petitioner to demonstrate that but for counsel's unprofessional errors, there is a reasonable probability that the result of the prosecution would have been different. In this context "[a] reasonable probability is one which is 'sufficient to undermine confidence in the outcome." Id. (quoting Strickland, 466 U.S. at 694). The assessment cannot be based upon generalities, but instead must be based upon a demonstration of how the "specific errors of counsel undermined the reliability of the [outcome]." Flamer, 68 F. 3d at 729 (quoting United States v. Cronic, 466 U.S. 648, 659 n.26 (1984)). Where the alleged error is based upon a failure to make a reasonable investigation or the election to pursue one defense over another, a heavy measure of deference must be accorded to counsel's judgment. As long as there was a reasonable basis for counsel's strategic decision, counsel may not be found to be ineffective. See Weatherwax, 77 F.3d at 1432.

Penson advances several assertions to support his ineffective assistance claim. First, he contends counsel failed to litigate his illegal arrest at a suppression hearing before he entered into the plea agreement. Thus, Penson asserts that had the illegal arrest been litigated, the court would have suppressed the arrest and any evidence derived therefrom.

This ground fails because Penson has not demonstrated that any error occurred, much less one that was prejudicial. The court must assume "counsel's conduct falls within the wide range of reasonable professional assistance" until petitioner advances concrete evidence to the

4

contrary. Flamer, 68 F.3d at 728. If counsel would have litigated the asserted arrest claim at the suppression hearing, there was no guarantee that the government would have left the terms of the plea agreement on the table. In fact, as the government makes clear in their brief and as the court was advised at the status conference, the plea agreement was made available only under the condition that petitioner not proceed with the suppression hearing.[1] Advising Penson to take the plea bargain instead of risking the loss of its advantageous terms in order to pursue what can only be construed as a weak claim at best is hardly an error that falls below the objective level of reasonableness guaranteed by the Sixth Amendment.

Moreover, Penson sets forth no persuasive argument as to how or why the outcome of trial would have been different had he litigated the illegal arrest claim. Even if the court assumes the factual statements advanced by petitioner are true, and there was no paper warrant for his arrest, the law is quite clear that if a warrant has been issued, the arresting officer need not have it in his possession at the time of arrest. United States v. George, 625 F.2d 1081, 1086 (3rd Cir. 1981); United States v. Smith, 468 F.2d 381, 382-83 (3d Cir. 1972)(citing Rule 4(d)(3) F.R.Crim.P.). In light of the sufficient likelihood that petitioner's illegal arrest claim would have failed at the suppression hearing, it is clear Penson cannot sustain his burden on either prong of the Strickland analysis.

Counsel assertedly was ineffective because he advised petitioner not to appeal the conviction and sentence. Review of the record demonstrates that this basis equally is unavailing.

It is well established that a plea of guilty is a waiver of all nonjurisdictional defects and defenses, constituting an admission of guilt. United States v. Ptomey, 366 F.2d 759, 760 (3d Cir.1966); Tollett v. Henderson, 411 U.S. 258, 267 (1973) (When a criminal defendant has

---

[1]A judge may rely on personal knowledge or recollection of events that occurred in his or her presence in assessing the allegations of motion to vacate sentence. See Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1077 (3rd Cir.1985) ("Moreover, it was appropriate for the trial judge to draw upon his personal knowledge and recollection in considering the factual allegations in the Nicholas' section 2255 petition that related to events that occurred in his presence.").

5

solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea). Thus, conviction and sentence following a plea of guilty are based entirely upon the plea and not upon any evidence which may have been utilized by the prosecution. Ptomey, 366 F.2d at 759.

Furthermore, a guilty plea can only be challenged on appeal if it was not knowingly, voluntarily, and intelligibly entered. Lesko v. Lehman, 925 F.2d 1527, 1537 (3rd Cir. 1991). In this regard, a habeas petitioner faces a substantial burden in challenging the intelligent and voluntary nature of his or her plea where a traditional colloquy has been conducted in open court. Id.

Petitioner has failed to raise any ground to challenge the knowing, voluntary, and intelligible nature of his plea. And in light of the colloquy conducted at the change of plea and sentencing hearing on May 19, 2004, it is clear that petitioner voluntarily entered his guilty plea with a full and competent understanding of his rights and the consequences of his decision. As a result, there were no viable grounds upon which to appeal. Without any grounds for appeal, the ineffective assistance claim fails.

It follows that petitioner's first motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 fails to raise any basis warranting further proceedings in support of the relief he seeks and must be denied as a matter of law.

Local Appellate Rule 22 of the United States Court of Appeals for the Third Circuit directs that when a final order denying a motion under § 2255 is entered a determination of whether a certificate of appealability should issue also must be made. The issuance of a certificate of appealability is "the primary means of separating meritorious from frivolous appeals." Barefoot v. Estelle, 463 U.S. 880, 893 (1983) (setting forth standards for certificate of probable cause). Congress has now mandated that "a certificate of appealability may issue ... only if the applicant has made a substantial showing of a denial of a constitutional right." 28

U.S.C. § 2253(c)(2).  As the foregoing makes clear, petitioner's § 2255 motion does not identify any basis which can support a substantial showing that a denial of a constitutional or federal right adversely affected his sentence.  See Santana v. United States, 98 F.3d 752, 757 (3d Cir. 1996) (discussing standards governing certificates of appealability).  Accordingly, the incorporated request for a certificate of appealability also be, and the same hereby, is denied.

In light of the above, petitioner's first motion to vacate, set aside or correct sentence will be denied.  An appropriate order will follow.

Date: June 16, 2008

                                            s/ David Stewart Cercone
                                            David Stewart Cercone
                                            United States District Judge

cc:    James H. Love, AUSA

        Michael J. Novara, AFPD

        George Washington Penson, III
        35095-060
        USP Big Sandy
        Post Office Box 2068
        Inez, KY 41224